a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LANIE DRINION THOMISEE #628202, Plaintiff | CIVIL DOCKET NO. 1:21-CV-01934 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| ASST WARDEN MCFARLAND ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Lanie D. Thomisee ("Thomisee"). Thomisee is an inmate in the custody of the Department of Corrections, housed at the LaSalle Correctional Center in Olla, Louisiana. He claims that his constitutional rights have been violated by Warden McFarland, Brandy Savoy, Major Stuckey, Sgt. Tingle, Lt. Gaddis, Officer Rizzo, Sgt. Hayden, Tommy Ester, and Deputy Ester.

Because Thomisee fails to state a claim for which relief can be granted, his Complaint (ECF No. 1) should be DENIED.

I. **Background**

Thomisee complains that Defendants photocopy his legal mail and give him the copies instead of the originals. He asks that Defendants "be held responsible" and that "a protection order be instilled for my protection." ECF No. 1 at 4.

II. <u>Law and Analysis</u>

A. <u>Thomisee's Complaint is subject to preliminary screening.</u>

Thomisee is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 6. As a prisoner seeking redress from an officer or employee of a governmental entity, Thomisee's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Thomisee's Complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. <u>Thomisee fails to state a claim for which relief can be granted.</u>

First, Thomisee does not identify what legal documents were allegedly opened and copied, or when this took place. Nor does he provide any information regarding which of the named Defendants made copies of his mail. Thomisee only identifies

Defendant Brandy Savoy as a "paper handler" who allegedly "read" his legal mail. ECF No. 1 at 3-4.

"[P]rison officials may open incoming legal mail to inspect it for contraband." *Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003); *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993). And "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected." *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015); *Brewer*, 3 F.3d at 825.

In similar cases before this Court, plaintiffs complained that officials were opening their legal mail, giving them photocopies, and keeping or destroying the original documents. *Milton v. Smith*, 2019 WL 1852688, at *6 (W.D. La. 2019); *McLaughlin v. Lee*, 2018 WL 4926341, at *6–7 (W.D. La. 2018). The Court found that the plaintiffs failed to state a plausible claim under *Jones*, *Brewer*, and *Collins* regarding the opening of their mail.

Thomisee's complaint about the opening of his legal is no different. Like the plaintiffs in *Milton* and *McLaughlin*, Thomisee complains that the documents he received were not the original legal documents. Thomisee's allegation implicates his rights under the First Amendment. A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts or his "right to free speech—i.e., the right to be free from unjustified governmental interference with communication." *Brewer*, 3 F.3d at 820.

Thomisee fails to state a claim for denial of access to the courts. To establish the claim, a plaintiff must show that he lost an actionable claim or was prevented

from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. A plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights.'" *Id*. at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

Even if Defendants destroyed "original" documents, Thomisee states that he received copies of the documents.[1] Thomisee was able to submit this Complaint (ECF No. 1) to the Court along with an Application for Leave to Proceed *In Forma Papueris* (ECF Nos. 2, 5). Thomisee does not allege that he lost an actionable claim, or that any Defendant prevented him from presenting a nonfrivolous claim to any court.

Thomisee also fails to state a viable free speech claim. *See Milton*, 2019 WL 1852688 at *6; *McLaughlin*, 2018 WL 4926341, at *6–7. The precise contours of a prisoner's right to free speech are obscure. However, the United States Supreme Court has made it clear that prisoners retain only those First Amendment rights of speech which are "not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). The Court

---

[1] As the Court pointed out in *Milton*, "any documents that the Court sent Plaintiff were themselves copies and did not, for example, contain original signatures. In other words, officials kept the original copies, and Plaintiff received copies of those copies. Accordingly, Plaintiff's claims relative to copying and retaining his legal mail should be dismissed." *Milton*, 2019 WL 1852688 at *7.

has also made it clear that a prisoner's freedom from censorship with regard to his incoming mail is not the equivalent of freedom from inspection or perusal. *Wolff*, 418 U.S. at 576.

Thomisee received photocopies of his documents. He does not allege that any of the legal documents were withheld or censored. Thus, he suffered no appreciable harm. *See Bonilla v. Cobb*, 2019 WL 6592593, at *13 (W.D. La. 2019) (even assuming officials did copy and shred plaintiff's original legal mail, he does not articulate any cognizable harm or threat of harm from receiving only facsimiles) (citing *Sandoval v. Fox*, 135 F. App'x 691, 691 (5th Cir. 2005) (affirming dismissal of a plaintiff's claim that guards improperly distributed prison mail because the plaintiff was not deprived of his mail and did not otherwise suffer any actual harm); *Milton*, 2019 WL 1852688, at *6 (W.D. La. 2019); *McLaughlin*, 2018 WL 4926341, at *6–7 (citing *Sandoval* 135 F. App'x at 691).

### III. Conclusion

Because Thomisee fails to state a claim for which relief can be granted, his Complaint (ECF No. 1) should be DENIED and DISMISSED under §§ 1915 and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, August 27, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE